IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-132-D

GILBERT BREEDLOVE, and )
THOMAS HOLLAND, )
)
Plaintiffs, )
)
v. ) ORDER
)
ANDREW HEATH, )
in his official capacity as )
Director of the N.C. Administrative )
Office of the Courts, et al. )
)
Defendants. )

On March 18, 2021, Gilbert Breedlove and Thomas Holland ("plaintiffs") filed suit against Andrew Heath,[1] Director of the N.C. Administrative Office of the Courts, Roy Wijewickrama,[2] Chief District Judge of N.C. Judicial Districts 30 and 30A, the North Carolina Administrative Office of the Courts ("NCAOC"), and the Equal Employment Opportunity Commission ("EEOC") (collectively, "defendants") alleging a violation of Title VII and a claim for a declaratory judgment [D.E. 1]. On May 24, 2021, the EEOC moved to dismiss plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and filed a memorandum in support [D.E. 19, 20]. On June 11, 2021, plaintiffs responded in opposition [D.E. 24]. On June 18, 2021, NCAOC and Judge Wijewickrama moved to dismiss plaintiffs' complaint under Rule 12(b)(6) and filed a memorandum in support [D.E. 25, 26]. On July 30, 2021, plaintiffs responded in opposition [D.E. 29]. On June

---

[1] On May 5, 2021, plaintiffs voluntarily dismissed Heath as a defendant. See [D.E. 10].

[2] Plaintiffs originally sued Chief Judge Richard Walker. However, the parties substituted Chief Judge Wijewickrama as a defendant after Chief Judge Walker retired. See [D.E. 17].

25 and August 13, 2021, defendants replied [D.E. 28, 30]. As explained below, the court grants defendants' motions to dismiss.

I.

Plaintiffs seek a declaratory judgment against the EEOC declaring either that plaintiffs are not exempt employees under Title VII or that if they are exempt, they are permitted to bring a claim with the EEOC under the Government Employee Rights Act of 1991 ("GERA"). See Compl. [D.E. 1] ¶¶ 74–82. The EEOC moves to dismiss under Rule 12(b)(1), arguing this court lacks subject-matter jurisdiction. See [D.E. 20] 8–14.

The court has considered the motion under the governing standard. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 104 (1998); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The Declaratory Judgment Act is remedial and does not create jurisdiction or substantive rights. See CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 55–56 (4th Cir. 2011); Lotz Realty Co., Inc. v. HUD, 717 F.2d 929, 932 (4th Cir. 1983); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–72 (1950). Thus, a declaratory judgment claim is barred "to the same extent that the claim for substantive relief on which it is based would be barred." CGM, 664 F.3d at 55–56 (quotation omitted). As this court explained in Crowder v. NCAOC, "the statutes [plaintiffs] cite[] do not create a cause of action against the EEOC concerning how the EEOC processes complaints." 374 F. Supp. 3d 539, 544 (E.D.N.C. 2019); see 28 U.S.C. §§ 2201, 2202, 1331; 42 U.S.C. §§ 2000e et seq.; Volz v. EEOC, No. 3:16cv249, 2016 WL 7422655, at *3–4 (E.D. Va. Dec. 22, 2016) (unpublished); Compl. ¶ 8; cf. [D.E. 24] 1 n.1 (conceding Crowder is a "similar

2

case"). Title VII does not create an implied or express cause of action for EEOC claimants concerning how the EEOC processes charges. See Nielsen v. Hagel, 666 F. App'x 225, 232 (4th Cir. 2016) (unpublished); Georator Corp. v. EEOC, 592 F.2d 765, 768 (4th Cir. 1979). Therefore, plaintiffs' claim against the EEOC does not raise a federal question under 28 U.S.C. § 1331. Cf. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 817 (1986). Absent an independent jurisdictional basis, plaintiffs cannot seek the remedy the Declaratory Judgment Act creates. Thus, the court dismisses plaintiffs' claim against the EEOC for lack of subject-matter jurisdiction.

II.

Plaintiffs allege that NCAOC and Chief Judge Wijewickrama violated Title VII by allegedly denying plaintiffs a religious accommodation after they were allegedly instructed to perform same-sex marriage ceremonies in violation of their deeply held religious beliefs. See Compl. ¶¶ 1–73. NCAOC and Chief Judge Wijewickrama move to dismiss under Rule 12(b)(6). See [D.E. 25, 26].

The court has considered the claim under the governing standard. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

Title VII defines an "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). The statute, however, excludes from that definition any "appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." Id. In Crowder, this court concluded that North Carolina magistrates are appointees, not employees, under Title VII. See Crowder, 374 F. Supp. 3d at 545–46. The parties essentially agree that the same reasoning applies here. See [D.E. 26] 20–23; [D.E. 29] 7–10. Accordingly, Title VII does not apply to plaintiffs. Instead, GERA applies. See Crowder, 347 F. Supp. 3d at 545. GERA

3

requires plaintiffs to seek administrative relief with the EEOC and then appeal to the United States Courts of Appeals after the EEOC issues a final decision. See id.; see also Brazoria Cnty. v. EEOC, 391 F.3d 685, 689–91 (5th Cir. 2004); Chism v. N.C. Gen. Assembly, No. 5:15-CV-348-FL, 2016 WL 3920211, at *4 (E.D.N.C. July 15, 2016) (unpublished). Because plaintiffs are appointees under Title VII, they fail to state a claim against NCAOC and Chief Judge Wijewickrama. Thus, the court grants NCAOC and Chief Judge Wijewickrama's motion to dismiss for failure to state a claim. Cf. Arbaugh v. Y&H Corp., 546 U.S. 500, 504, 510–16 (2006).[3]

The EEOC determined that Title VII, not GERA, applied to plaintiffs and forced plaintiffs to seek relief in this court to comply with Title VII's 90-day requirement for filing suit. See Compl. ¶ 8; [D.E. 20] 6; [D.E. 24] 1–4; [D.E. 29] 10. GERA requires that individuals file a complaint with the EEOC within 180 days of an alleged violation. See 42 U.S.C. § 2000e-16c(b)(1); 29 C.F.R. § 1603.102(a). The EEOC then should determine whether a violation has occurred and include its determination in a final order. See 29 C.F.R. § 1603.217. Parties may appeal final orders to the United States Courts of Appeals. See 42 U.S.C. § 2000e-16c(c); 29 C.F.R. § 1603.306.

Plaintiffs complied with their obligations under GERA. If the EEOC had issued a final order under 29 C.F.R. § 1603.306, plaintiffs could have appealed that order to the United States Court of Appeals for the Fourth Circuit. See 42 U.S.C. § 2000e-16c(c); 29 C.F.R. § 1603.306. However, because the EEOC issued a right-to-sue letter, plaintiffs' only recourse was to file suit in this court within 90 days. See Compl. ¶ 8; [D.E. 24] 1–4. Plaintiffs timely did so to preserve their rights.

In similar circumstances, courts have applied equitable tolling. See, e.g., Coleman v. Talbot

---

[3] Because the court dismisses plaintiffs' claim based on their exclusion from Title VII's definition of "employee," the court need not consider NCAOC and Chief Judge Wijewickrama's arguments about who plaintiffs' employer was under Title VII. See [D.E. 26] 6–20.

4

Cnty. Det. Ctr., 242 F. App'x 72, 73–74 (4th Cir. 2007) (per curiam) (unpublished); Brown v. Crowe, 963 F.2d 895, 899–900 (6th Cir. 1992); Crowder, 374 F. Supp. 3d at 546 (collecting cases). The EEOC's regulations under GERA permit equitable tolling of all deadlines. See 29 C.F.R. § 1603.106(c). This court trusts that the EEOC will follow its regulations and apply equitable tolling of GERA's 180-day requirement so that plaintiffs can file a new GERA claim with the EEOC. Whether plaintiffs will prevail is an issue for another day and another court. Plaintiffs should, however, be able to pursue their GERA claim at the EEOC and, if necessary, in the Fourth Circuit.

III.

In sum, GERA applies to plaintiffs. The court GRANTS the EEOC's motion to dismiss under Rule 12(b)(1) [D.E. 19], GRANTS NCAOC and Chief Judge Wijewickrama's motion to dismiss under Rule 12(b)(6) [D.E. 25], and DISMISSES WITHOUT PREJUDICE plaintiffs' complaint [D.E. 1]. The clerk shall close the case.

SO ORDERED. This _11_ day of February, 2022.

JAMES C. DEVER III
United States District Judge